UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS MITCHELL,

        Plaintiff,                                 Case No. 16-cv-11605

v.                                                   Honorable Thomas L. Ludington

COMMUNITY MENTAL HEALTH OF
CENTRAL MICHIGAN, et al.,

        Defendants.

_____/

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER,**
**DIRECTING SERVICE, AND DIRECTING RESPONSE**

On May 13, 2016, Plaintiff Thomas Mitchell filed a motion for an "Emergency Preliminary Injunction." ECF No. 4. Plaintiff, through his guardian, filed this lawsuit against Defendants Community Mental Health of Central Michigan, Michigan Department of Health and Human Services, Nick Lyon, and Governor Rick Snyder on May 4, 2016. *See* Compl., ECF No. 1. Plaintiff alleges that Defendants improperly terminated his medically necessary supervisory nighttime care. He claims that this violates his rights under the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act. *Id*. Defendants have not yet been served and were not notified that Plaintiff was filing the motion for an "Emergency Preliminary Injunction."

The request Plaintiff seeks in his motion for an "Emergency Preliminary Injunction" is not entirely clear. It is evident that he seeks equitable relief. But insofar as he must meet the requirements of Federal Rule of Civil Procedure 65, his request is, as of now, improper. Rule 65 permits two different forms of temporary injunctive relief: a Temporary Restraining Order

("TRO") and a Preliminary Injunction. The title of Plaintiff's motion appears to seek a Preliminary Injunction, but the emergency identified in his request and the fact that he made the request ex parte is evidence that he seeks a TRO.

To the extent Plaintiff seeks a TRO, his request will be denied. Rule 65 provides the following with respect to TROs:

> (1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Plaintiff has not furnished an affidavit attesting to specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id*. Plaintiff also has not furnished a verified complaint. *Id*. Additionally, Plaintiff's attorney did not explain "in writing any efforts made to give notice and the reasons why it should not be required." Id. His attorney merely noted that "[l]egal counsel for Defendants has yet to appear so concurrence could not be sought in this Motion." Mot. P.I. ¶ 6, ECF No. 4. While it may be that "[t]he relief sought in this Motion is an urgent matter," id., the requirements of Rule 65 are not mere formalisms. Ex parte injunctive relief is an extraordinary remedy and Rule 65 is designed to ensure that it is only appropriately made available.

Defendants' counsel has now made an appearance on the docket. There is no evidence, however, that Defendants have been served. Plaintiff will be directed to serve a copy of his Complaint and his motion for an "Emergency Preliminary Injunction." Defendants will then be directed to respond.

Accordingly, it is **ORDERED** that Plaintiff's motion for a Temporary Restraining Order, ECF No. 4, is **DENIED**.

It is further **ORDERED** that Plaintiff is **DIRECTED** to serve Defendants with a copy of the Complaint, ECF No. 1, and a copy of Plaintiff's motion for a preliminary injunction, ECF No. 4, **on or before June 3, 2016**, and file a certificate of service on the docket.

It is further **ORDERED** that Defendant is **DIRECTED** to respond to Plaintiff's motion for a preliminary injunction **within 21 days of being served**. Any reply filed by Plaintiff shall be filed in accordance with the briefing schedule in the Local Rules.

Dated: May 27, 2016　　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 27, 2016.

　　　　　　　　　　　　　　　　　　　　　s/Michael A. Sian
　　　　　　　　　　　　　　　　　　　　　MICHAEL A. SIAN, Case Manager